UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Crystal Autumn Bell,                                    Case No. 3:18-cv-1621

        Plaintiff

    v.                                              MEMORANDUM OPINION
                                AND ORDER

Commissioner of Social Security,

        Defendant

## I.    INTRODUCTION

Before me is the Report and Recommendation ("R & R") of Magistrate Judge Thomas M. Parker. (Doc. No. 18). Finding the ALJ failed to apply the proper legal standards when evaluating Plaintiff Crystal Autumn Bell's subjective symptoms, Judge Parker recommends I vacate the final decision of Defendant Commissioner of Social Security and remand the matter for further proceedings. (*Id.*). The Commissioner timely filed objections to the R & R, (Doc. No. 19), to which Bell responded. (Doc. No. 20).

## II.    BACKGROUND

After reviewing the R & R, and hearing no objection to these sections, I hereby incorporate and adopt, in full, the "Procedural History" and "Evidence" sections set forth in the R & R. (Doc. No. 18 at 1-11).

## III.    STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the

recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing non-general objections, the district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## IV.    DISCUSSION

In Step Two of the analysis, the ALJ concluded that Bell was afflicted with the severe impairment of Reflex Sympathetic Dystrophy Syndrome ("RSDS"), a chronic pain syndrome most often resulting in trauma to a single extremity. (Doc. No. 11 at 27-28). Because of the nature of this condition, with symptoms that not only ebb and flow but also vary widely, the Social Security Administration has set forth specific instructions for evaluating cases involving RSDS. *See* SSR 03-2p, 2003 WL 22399117 (Oct. 20, 2003).

Judge Parker found the ALJ erred in failing to apply the legal standard for evaluating the subjective symptoms outlined in SSR 03-2p. (Doc. No. 18). The Commissioner objects that, though the ALJ did not explicitly reference SSR 03-2p, he properly adhered to its standard when evaluating Bell's subjective symptoms. (Doc. No. 19).

As stated by Judge Parker, SSR 03-2p advises that

[W]henever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by

> objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. This includes the medical signs and laboratory findings, the individual's own statements about the symptoms, any statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record.

(Doc. No. 18 at 21 (quoting SSR 03-2p, 2003 WL 22399117, at *6)). The ALJ nearly quoted this language verbatim, stating, "whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, I must consider other evidence in the record to determine if the claimant's symptoms limit the ability to do work-related activities." (Doc. No. 11 at 30). Therefore, the dispute lies in whether the ALJ actually did what he acknowledges he was required to do.

SSR 03-2p advises that, when determining the RFC at Step Four of the analysis, "[c]areful consideration must be given to the effects of pain and its treatment on an individual's capacity to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." 2003 WL 22399117, at *7 (citing SSR 96-7p, 1996 WL 374186 (July 2, 1996), *superseded by* SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017) (reprinting SSR 16-3p, originally published on March 16, 2016, and advising that the applicable date of SSR 16-3p is March 28, 2016)).

To evaluate the intensity, persistence, and limiting effects of an individual's symptoms, both SSR 03-2p and SSR 16-3p require the ALJ to examine not only objective medical evidence but also "other evidence" in the form of medical opinion and third-party information. *See* SSR 03-2p, 2003 WL 22399117, at *7; SSR 16-3p, 2017 WL 5180304, at *6. When doing so, the ALJ may consider the following factors:

1. Daily activities;
2. The location, duration, frequency, and intensity of pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;

6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3p, 2017 WL 5180304, at *7-*8. Because of the nature of RSDS, SSR 03-2p places a particular emphasis on the individual's ability perform daily activities over a period of time. SSR 03-2p, 2003 WL 22399117, at *7.

Judge Parker concluded the ALJ had improperly based his assessment of Bell's subjective symptoms on objective evidence alone, stating "the ALJ's sole reason for rejecting Bell's complaints about the limiting effects of her RSDS was that 'numerous examinations show no significant abnormalities with the claimant's lower extremities.'" (Doc. No. 18 at 23 (quoting Doc. No. 11 at 33)). In support, Judge Parker cited the ALJ's decision to give limited weight to the opinion of Jennifer Delaney, CNP and John Uche, M.D., which opined that Bell would be required to elevate her leg 50% of an eight-hour work day. (Doc. No. 18 at 22-23). Judge Parker also cites a January 24, 2017 record of Gregory Georgiadis, M.D., which indicated swelling in the left leg. (Id. at 23).

Regarding the opinion of Certified Nurse Practitioner Delaney and Dr. Uche, the ALJ explicitly stated that he discounted the elevation-related opinion "because it is inconsistent with Nurse Delaney's own progress notes which do not reflect these extreme functional limitations and which regularly state that the claimant has no tenderness, swelling, or musculoskeletal deformity and that she should exercise regularly to improve her health." (Doc. No. 11 at 34-35). After reviewing those treatment records, I find this to accurately describe Bell's objective and subjective symptoms found in these progress notes. (Id. at 1120-43). Although Judge Parker is correct regular opioid use does suggest chronic pain, these records indicate Bell felt relief through the "effective" opioid treatment and was advised to exercise rather than elevate her leg 50% of the time. (Id.).

Relevant to the records and opinion of Dr. Georgiadis, is the fact that the left leg was the extremity afflicted with RSDS. While the January 24, 2017 record, cited by Judge Parker, does indicate mild swelling in the left leg, it also states that Bell is doing "well" and "may *increase* to 20-40 lbs partial weightbearing on her left leg." (*Id.* at 1056 (emphasis added)). As such, I find that this record indicates an improvement of Bell's symptoms rather than supporting her claim of severe limitation. Further, I will note that, when acknowledging a May 3, 2017 opinion by Dr. Georgiadis, the ALJ noted that the limitations imposed related to the right leg because of "a recent ankle fracture, which is not expected to last 12 months." (*Id.* at 34). In this record, Dr. Georgiadis opined that, because of the fracture, Bell may be required to elevate the right leg 20% of the time but gave no such restriction as to the RSDS-afflicted left leg. (*Id.* at 1020).

After reviewing the ALJ's full decision, I respectfully disagree with Judge Parker and find the ALJ properly considered Bell's subjective symptoms. The ALJ discussed Bell's testimony including her daily activities as well as the full scope of her treatment regimen including her compliance with and effectiveness of prescribed treatment, along with self-treatment efforts. (*Id.* at 30-33). The ALJ also discussed other record evidence including physical examinations, which showed no swelling, (*id.* at 31-32), and an evaluation of Bell's treating podiatrist who observed left ankle swelling but "noted that the claimant did not need to elevate her feet." (*Id.* at 34 (citing *id.* at 932)).

## V.    CONCLUSION

Because I find that the ALJ properly considered the record evidence when evaluating Bell's subjective symptoms, in compliance with SSR 03-2p, the Commissioner's objection to the R & R is sustained. (Doc. No. 19). In turn, I reject Judge Parker's conclusion as to this issue and decline to remand the matter on that basis. Instead, I hereby affirm the Commissioner's decision.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge